UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

HOWARD H. WILLIS )
)
V. ) NO. 2:10-CV-19
)
LYNN W. BROWN )

## **MEMORANDUM OPINION**

Proceeding *pro se*, Howard H. Willis, a prisoner in the Washington County Detention Center, brings this civil rights action for declaratory and monetary relief under 42 U.S.C. § 1983, alleging that his constitutional rights are being violated by defendant Lynn W. Brown, the judicial officer who is, or was, presiding over plaintiff's state criminal proceedings.[1] Now before the Court is Judge Brown's unopposed motion to dismiss.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

---

[1] Plaintiff has notified the Court that he has been transferred to a state prison in Nashville, Tennessee (Doc. 13). That transfer was occasioned, presumably, by a state court conviction.

*v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570). All well-pleaded factual allegations in a complaint must be accepted as true, but this premise does not include legal conclusions. *Id.* at 1949. The Court will liberally construe *pro se* complaints, such as plaintiff's, and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In his motion, Judge Brown correctly argues that he enjoys absolute immunity from damages in this civil rights suit. The Sixth Circuit has summarized the law in this arena:

> It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991); *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872). Immunity from a § 1983 suit for money damages is no exception. See *Pierson*, 386 U.S. at 554, 87 S.Ct. at 1217-18. The doctrine of judicial immunity is justified "by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine* [*v. Byers*], 508 U.S. [249,] 435, 113 S.Ct. [2167,] 2171[(1993)]. Thus, compelling public benefits outweigh the "unfairness and injustice to a litigant [that] may result on occasion, [because] 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles*, 502 U.S. at 10, 112 S.Ct. at 287 (quoting *Bradley*, 80 U.S. (13 Wall.) at 347). If it were otherwise and judges were personally liable for erroneous decisions, then "the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits." *Forrester*, 484

U.S. at 226-27, 108 S.Ct. at 544.

*Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir.1997). The only exceptions to judicial immunity are acts which are non-judicial or which are taken in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12.

Plaintiff charges Judge Brown with multiple misdeeds, most of which involve allegations that this judicial defendant used his official position to deprive plaintiff of his Sixth Amendment right to the effective assistance of his appointed counsel. More specifically, plaintiff asserts that defendant judge bears responsibility for certain errors made by his attorney, including counsel's failure properly to prepare for a suppression hearing, call critical witnesses, subject witnesses to meaningful examination, use important evidence in the witnesses' possession, conduct an adequate pretrial investigation, advocate for plaintiff when Judge Brown made factual findings contrary to the testimony or evidence, and file motions.

Plaintiff also charges that, at a later hearing, when he filed a *pro se* motion to remove his appointed counsel and substitute appointed counsel, defendant Brown refused to permit him to respond to counsel's comments and that this alleged refusal caused him prejudice. Plaintiff further asserts that defendant judge also violated other constitutional rights so as to enable Judge Brown to prosecute plaintiff from the bench. In addition, according to plaintiff, this judicial officer declined to consider new

3

admissions and established law in making his rulings, and he manipulated the law to cover up for appointed counsel's ineffective assistance.

Plaintiff's claims against defendant Brown are anchored to the argument that Judge Brown took action in his judicial capacity under color of law to violate plaintiff's civil rights. Presiding over criminal cases and exerting control over the courtroom and the criminal proceedings occurring therein "affected the rights only of the individual plaintiff[] in specific judicial proceedings; these acts are example[s] of paradigmatic judicial acts," *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir.1994), which lie within the scope of Judge Brown's jurisdiction and confer on him absolute immunity from a suit for damages. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Because defendant Brown's challenged rulings, fact findings, and trial-management techniques are within "a sweeping range of judicial actions" protected by the doctrine of judicial immunity, *Barnes*, 105 F.3d at 1115, these claims may advance no further.

A different doctrine dooms plaintiff's requests for a declaration that Judge Brown has violated the Constitution while presiding over plaintiff's state criminal case and for an injunction to protect plaintiff from any future constitutional wrongdoing in which Judge Brown might seek to engage. Under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must abstain from entertaining lawsuits by individuals seeking to enjoin a criminal prosecution against them in state court where those proceedings implicate important state interests and the plaintiff has an adequate

4

opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). Issuance of a declaratory judgment finding that Judge Brown has violated plaintiff's constitutional rights while he presides [or presided] over plaintiff's state criminal case, undoubtedly, would constitute an undue interference in a matter of great importance to the State of Tennessee—punishing offenders for violating state criminal statutes. By the same token, plaintiff has the opportunity to assert his constitutional rights in his state criminal trial [or on appeal], to challenge rulings, to make supporting arguments, and to appeal any adverse findings or rulings. Because all of the factors supporting abstention are present here, the Court will abstain from granting the sought prospective relief and, thereby, intruding into plaintiff's ongoing state criminal proceedings [that is, if they have not concluded].

Alternatively, if, as noted earlier, plaintiff's change of address to the Riverbend Maximum Security Institution means that his state criminal proceedings have culminated in his conviction of the offense(s) charged, *Younger* does not apply to his case. However, the fact that this doctrine does not apply does plaintiff no good because the allegations of unconstitutional conduct on the part of defendant judge relate to plaintiff's conviction (again, assuming that he was convicted) and because claims of an illegal state court conviction relate to the fact and duration of his physical confinement, his sole federal remedy in that regard is to seek a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Therefore, if plaintiff intends to pursue

claims of ineffective assistance, incorrect judicial rulings, and the like, or to mount an attack on the constitutionality of his confinement, he must do so in a § 2254 petition, and not in a § 1983 civil rights lawsuit. Put simply, the declaratory and injunctive relief sought here cannot be obtained in a civil rights suit. For all the above reasons, this lawsuit will be **DISMISSED**.

Finally, plaintiff's combined motions for a default judgment, emergency hearing, and temporary restraining order, [Doc. 8], will be **DENIED** as **MOOT**.

A separate order will enter.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
